**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 12-1767 (SLR) |
| v. | ) ) | |
| MEGAPATH, INC., | ) ) | |
| Defendant. | ) | |
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 12-1769 (SLR) |
| v. | ) ) | |
| WINDSTREAM CORPORATION., | ) ) | |
| Defendant. | ) | |
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 12-1784 (SLR) |
| v. | ) ) | |
| CONSOLIDATED COMMUNICATIONS HOLDINGS, INC., | ) ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

At Wilmington this _____ day of _____ 2013, the parties having satisfied their

obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling

conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

1.  **Pre-Discovery Disclosures**.  The parties will exchange by <u>May 20, 2013</u> the

information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.  **Discovery**.

(a)  The issues of willfulness and damages shall be bifurcated for purposes of

discovery and trial, unless good cause is shown otherwise.

(b)  Discovery may be needed on the following subjects:  infringement/non-

infringement of the asserted patents; validity/invalidity of the asserted patents; claim

construction; and counterclaims and affirmative defenses related to infringement or validity of

the asserted patents.

(c)  **Initial Discovery.  \*\*\*The parties disagree as to whether this section (c)**

**should be included in the Order.  Brandywine believes that section (c) should not be**

**included, while Defendants believes that it should.**  The parties shall make their respective

disclosures pursuant to Paragraph 4 of the Court's "Default Standard for Discovery, Including

Discovery of Electronically Stored Information ("ESI")" ("Default Standard") as follows, and as

the disclosures set forth in this paragraph are "initial," each party shall be permitted to

supplement:

(1)  **Initial Identification of Accused Products**.  On or before <u>June 12,</u>

<u>2013,</u> the plaintiff shall specifically identify the accused products and the asserted patent(s) they

allegedly infringe, and produce the file history for each asserted patent.

(2)  **Production of Core Documents**.  On or before <u>August 12, 2013</u>, each

defendant shall produce to the plaintiff the core technical documents related to the accused

product(s), including but not limited to operation manuals, product literature, schematics, and

specifications.

(3)  **Initial Infringement Contentions**.  On or before <u>October 11, 2013</u>, plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

(4)  **Initial Invalidity Contentions**.  On or before <u>December 10, 2013</u>, defendants shall produce to plaintiff their initial invalidity contentions for each asserted claim, as well as the related invalidating references (*e.g.*, publications, manuals and patents).

(d)  All fact discovery shall be commenced in time to be completed by <u>July 1, 2014</u>.

(1)  Maximum of <u>10</u> common interrogatories by plaintiff directed to defendants, <u>15</u> interrogatories by plaintiff for each individual defendant, <u>10</u> common interrogatories for all defendants directed to plaintiff, and <u>15</u> individual interrogatories directed to plaintiff for each individual defendant.  An interrogatory directed to a party's contentions as to infringement/non-infringement of the patents-in-suit shall be counted as a single interrogatory.

(2)  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than <u>March 31, 2014</u>, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

(3)  Maximum of <u>15</u> requests for admission are permitted by each party to any other party (excluding requests related to authenticity of documents or things).

(4)  **\*\*\*The parties disagree over the language of this section (4).**

**Brandywine's proposal is:**

Discovery of paper and electronic documents (hereafter, "e-discovery") shall be substantially completed on or before <u>March 31, 2014</u>.  The parties shall make their initial disclosures pursuant

3

to Paragraph 3 of the Default Standard on or before June 12, 2013.  The parties shall be governed

by the Federal Circuit's Model Order Regarding E-Discovery in Patent Cases.  The Court's

Default Standard shall not apply to these actions.

**\*\*\*Defendants' proposal is:**

Discovery of paper and electronic documents (hereafter, "e-discovery") shall be substantially

completed on or before March 31, 2014.  The parties shall make their initial disclosures pursuant

to Paragraph 3 of the Default Standard on or before June 12, 2013.  The parties shall be governed

by the Federal Circuit's Model Order Regarding E-Discovery in Patent Cases.  The Default

Standard shall apply to these actions except as modified herein.

(5)  Plaintiff may take up to 30 hours of Rule 30(b)(6) and/or Rule

30(b)(1) depositions of each defendant.  Defendants may collectively take up to 40 hours of Rule

30(b)(6) and/or Rule 30(b)(1) depositions of plaintiff on common issues and up to 8 hours per

defendant individually.  The foregoing limitations do not apply to depositions of experts and

third parties.  Inventors may be deposed in their capacity as inventors for a maximum of 14

hours.  The foregoing limitations are without prejudice to the right of the plaintiff or the

defendants to request additional hours from the Court for good cause shown or for the parties to

agree to additional deposition testimony.

(6)  In the absence of agreement among the parties or by order of the

Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled

prior to the date for substantial completion of document production.

(e)  Expert discovery shall be commenced in time to be completed by December

22, 2014.

(1) Expert reports on issues for which the parties have the burden of proof due September 5, 2014.  Rebuttal expert reports due October 6, 2014.  Supplemental reports (*e.g.*, on secondary considerations of non-obviousness) due October 30, 2014.

(2)  Expert depositions to be limited to a maximum of 7 hours per expert unless extended by agreement of the parties.  The parties will confer in good faith to come to an agreement on the length of expert depositions and submit the agreement to the Court by November 5, 2014.

(3)  All Daubert motions shall be filed on or before March 6, 2015.

(f)  The parties will supplement their discovery periodically in accordance with Fed. R. Civ. P. 26(e).

(g)  **Discovery Disputes**.

(1)  The Court shall conduct an in-person discovery status conference on January ___, 2014 from ____ to ____ [am/pm], the time to be allotted equally among the parties. No motions to compel or for protective order shall be filed absent prior approval of the Court.

(2)  The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition.

(h)  **Fact Witnesses to be Called at Trial**.  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours

per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

3. **Joinder of Other Parties and Amendment of Pleadings**.  All motions to join other parties and amend the pleadings shall be filed on or before July 1, 2014.

4. **Settlement Conference**.  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[1] for the purposes of exploring ADR.  Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement.

5. **Claim Construction Issue Identification**.  If the Court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on December 4, 2014.  This document will not be filed with the Court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 8 below.

6. **Claim Construction**.  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on January 8, 2015, with the claim chart separately docketed.  Plaintiff shall serve and file its opening brief on claim construction on or before January 30, 2015.  Defendants shall serve and file their answering claim construction brief on or before February 20, 2015. Plaintiff shall serve and file

[1] The Court may also refer ADR to a Special Master.

6

its reply brief on or before <u>March 6, 2015</u>.  Defendants shall serve and file their surreply brief on or before <u>March 20, 2015</u>.

      7.  **Summary Judgment Motions**

        (a)  All summary judgment motions shall be served and filed on or before <u>March 17, 2015</u>.  No summary judgment motion may be filed more than ten (10) days from the above date without leave of the Court.

        (b)  Opening briefs on infringement and invalidity shall be served and filed on or before <u>March 17, 2015</u>.  If no cross-motion for noninfringement or validity is filed, answering briefs shall be served and filed on or before <u>April 17, 2015</u>.  Reply briefs shall be served and filed <u>May 1, 2015</u>.

        (c)  If cross-motions for noninfringement or validity are filed, combined opening-answering briefs on noninfringement and validity shall be served and filed on or before <u>April 24, 2015</u>.  Combined response-reply briefs shall be due by <u>May 15, 2015</u>.  A surreply brief will be permitted, to be filed on or before <u>May 29, 2015</u>.

        (f)  The hearing on the claim construction and motion(s) for summary judgment will be heard on June _____, 2015 at ____ (time).

      8.  **Applications by Motion**.  Any application to the Court shall be by written motion filed with the clerk.  **The Court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the Court.

        (a)  Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

        (b)  No telephone calls shall be made to chambers.

        (c)  Any party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing

Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov.  The email shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said emails.

9.  **Motions in Limine**.  **No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10.  **Pretrial Conference**.  A pretrial conference will be held on _____ at _____ in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.  **Trial**.  This matter is scheduled for jury trials commencing on _____ in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge